IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BRYANT W. PLITT,<br><br>    Plaintiff,<br><br>vs.<br><br>FRESNO POLICE OFFICER R.<br> GONZALEZ, et al.,<br><br>    Defendants. | Case No. 1:08-CV-1352-BLW<br><br>**INITIAL REVIEW ORDER** |

The Clerk of Court conditionally filed Plaintiff's Complaint due to his status as a prisoner and his in forma pauperis request. As a result, Plaintiff's Complaint is subject to review by the Court to determine whether it or any of its claims are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**REVIEW OF COMPLAINT**

**A.  Background**

Plaintiff is an inmate in the custody of the State of California. Plaintiff alleges that he was arrested on May 3, 1985, for being upon school grounds

INITIAL REVIEW ORDER   1

without permission from the school.  The charges were in part for a violation of California Penal Code 626.8, disruptive presence at school by a "known sex offender."  Plaintiff alleges that he was not and has never been a sex offender, and that the charges were dismissed.

Later, when Plaintiff was arrested for and convicted of a different offense, he discovered that his California Department of Corrections and Rehabilitation (CDCR) classification record contained the statement: "Arrested 9/25/1985 by CASO Fresno for PC 477(A), Annoy/Molest Children.  The dispo was dismissed.  UCC of 4/15/1997 elected not to affix 'R' suffix, per archive review of 8/22/2003."  Plaintiff alleges that, beginning on November 11, 2003, he has attempted to have the reference removed from his classification record because it was defamatory and placed him in a dangerous position with the CDCR.  He has been unable to have the reference removed through administrative channels, or via habeas corpus in the California state court system.

Here, he asserts that the incorrect record amounts to a violation of his constitutional right to due process and right to free speech. He also alleges that the statements amount to slander.  (Complaint, Docket No. 1.)

**INITIAL REVIEW ORDER**   2

B.     Standard of Law

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To state a civil rights claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Court is required to review civil rights complaints filed by prisoners to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

### C.   Discussion

#### 1.   Plaintiff May Not Proceed on His Claim that the Wrongful Entries Pose a Danger to his Safety

Plaintiff has alleged that being labeled a known sex offender is a danger to his safety in the institution.  This allegation can be liberally construed as an Eighth Amendment claim, but Plaintiff will have to file a motion to amend and provide additional factual allegations (if he has any) in order to proceed.  To prevail on an Eighth Amendment "prison conditions" claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  When a prison official is deliberately indifferent to a substantial risk of serious harm, his conduct violates the Eighth Amendment.  *Id.*, 511 U.S. at 828.  "Deliberate indifference" requires a showing that the official was "subjectively aware of the risk."  *Id.*, 511 U.S. at 829.

It is unclear whether the dismissed charges have actually been used to Plaintiff's detriment or actually pose a substantial risk of serious harm. (It is unclear what the following record notation means: "The dispo was dismissed.

INITIAL REVIEW ORDER   4

UCC of 4/15/1997 elected not to affix 'R' suffix, per archive review of 8/22/2003.")  Plaintiff has not alleged that he particularly suffered any harm in the past or is currently exposed to a substantial risk of serious harm as a result of the wrongful notations in his prison records or that other prisoners are privy to his prison records; nor has he alleged that prison officials have failed to removed the notations as a result of deliberate indifference to a substantial risk of serious harm. In addition, it is unclear whether any acts of Defendants occurred within the statute of limitations period.  If he has any such allegations, he may file a motion to amend and include such additional facts.  Presently, he may not proceed on a claim that the errors in his prison records have endangered his safety.

    2.    <u>Plaintiff May Proceed on Liberty Interest Claims</u>

Liberally construing Plaintiff's claims, the Court concludes that he has stated a cognizable Fourteenth Amendment due process liberty interest claim in not having incorrect factual information in his parole records. Several decades ago, the United States Court of Appeals for the Fourth Circuit held that expungement of wrongful records in parole files can rise to the level of a due process violation if an inmate requests that the State correct the records, but it refuses to do so.  *See Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979).  More

recently the United States Court of Appeals for the Fifth Circuit has determined that *Paine* is no longer good law in jurisdictions where the parole statutes *do not* establish a liberty interest in parole.  *See Johnson v. Rodriguez*, 110 F.3d 299, 309 n.13 (5th Cir. 1997).  However, the Ninth Circuit has determined that "California's parole scheme gives rise to a cognizable liberty interest in release on parole."  *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127-28 (9th Cir. 2006).

   However, Plaintiff may not proceed on free speech or slander grounds.  Plaintiff has stated no allegations showing his free speech has been limited.  Plaintiff cannot proceed on state-law slander grounds under the Court's supplemental jurisdiction powers unless he files an amended complaint showing that he has complied with the notice provisions of the California Tort Claims Act and that some Defendant acted within the statute of limitations time period.  *See* California Government Code §§ 810, 905 & 945.4.

   "Slander" is not a constitutional claim.  The United States Supreme Court has clearly held that a person's interest in a good name or reputation alone does not trigger the Due Process Clause, even considering the disadvantages of being branded a criminal.  *Paul v. Davis*, 424 U.S. 693, 711-12 (1976).  In *Davis,* Mr. Davis's  name and photograph appeared on flyers titled "Active Shoplifters,"

which was distributed by police chiefs to local merchants.  Davis filed a Complaint, alleging that the police chiefs had violated his Fourteenth Amendment due process rights.  The Supreme Court rejected Davis's contention that his defamation claim was of a constitutional magnitude, stating that Congress did not intend the Fourteenth Amendment to be "a font of tort law to be superimposed upon whatever systems may already be administered by the States."  424 U.S. at 701.  Further, the Supreme Court made it clear that it "has never held that the mere defamation of an individual . . .was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employment."  *Id*. at 706.

   However, one of the exceptions to *Paul* is that a § 1983 claim can proceed under the Due Process Clause of the Fourteenth Amendment if a plaintiff alleges an injury to his reputation from the defamatory statement, accompanied by an allegation of injury to a recognizable property or liberty interest.  *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir. 1991).  There is a liberty interest in parole in California, and, therefore, Plaintiff has stated a colorable Fourteenth Amendment due process claim upon which he may proceed, as explained above.

       3.     <u>Plaintiff May Not Proceed Against State Entities</u>

Plaintiff has named as defendants "Fresno County Detention Facility," "California Department of Corrections & Rehabilitation" and "California Department of Corrections."  In *Hans v. Louisiana*, 134 U.S. 1 (1890), the Supreme Court held that the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state.  The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought."  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Therefore, these claims shall be dismissed.

       4.     <u>Plaintiff May Not Proceed Against Officers Who Arrested Him</u>

Under § 1915, a court may dismiss a complaint sua sponte on an affirmative defense such as the statute of limitations "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal citations and punctuation omitted).

Inasmuch as the civil rights statute provides a remedy but does not itself confer any substantive rights, the statute of limitations period for filing a civil

**INITIAL REVIEW ORDER   8**

rights suit is the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985). Federal courts also apply the forum state's law regarding tolling. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. Therefore, a two-year statute of limitations applies to this action.

Under California law, the statute is tolled for a period of two years on civil rights claims when a person is imprisoned for a term less than life. *See* Cal. Civ. Proc. Code § 352.1. When a person is sentenced to a life sentence with the possibility of parole, that is considered a term less than life that is subject to the two-year tolling statute. *Martinez v. Gomez*, 137 F.3d 1124 (9th Cir. 1998).

While state law determines the relevant statute of limitations to be applied to civil rights actions, federal law determines when a claim accrues, or, in other words, when the statute of limitations begins running. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004). A civil rights claim accrues when the plaintiff knows or should know of the injury that forms the basis of the cause of action. *Id.* (quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999));

*Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)).  Whether equitable tolling is available in a civil rights action is governed by state law, unless application of state tolling principles would undermine important federal policy.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Based on these principles, the Court concludes that Plaintiff's claims against the arresting officers, R. Gonzalez and Officer Montoyasu, are barred by the statue of limitations.  These causes of actions accrued, at the latest, when these Defendants' independent and singular acts took place and when Plaintiff's charges were dismissed in 1985, which would make Plaintiff's filing late by 22 years, and if given credit for his 26 years-to-life sentence, the filing would still be 20 years too late.

It is uncertain whether Plaintiff's claims for expungement or correction of his records are timely or are subject to equitable tolling for the time period during which Plaintiff proceeded through the state court system, or whether Plaintiff has recently been denied parole, and that parole denial is the basis for some of his claims.[1]  Therefore, he may proceed on those claims against the records custodians

---

[1] In *Redd v. Alameida*, 2008 WL 4078415 (N.D. Ca. 2008), the court explained the extent of California tolling principles applicable where one has pursued a state remedy prior to coming to federal court:
> Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may

**INITIAL REVIEW ORDER** 10

that he has named, but the custodians' acts that occurred within the statute of limitations (if any) do *not* serve to extend the statute of limitations against the arresting officers, who acted independently of the records custodians and who last acted 20 years ago.

5. <u>Plaintiff May Not Proceed Against State Court Judges</u>

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself,

---

    be appropriate. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir.2002). Under California law, equitable tolling " 'reliev [es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.' " *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.1993) (quoting *Addison v. California*, 21 Cal.3d 313, 317, 146 Cal.Rptr. 224, 578 P.2d 941 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court. Under California law, equitable tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: " '(1) timely notice to the defendant in the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.' " *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir.2001) (en banc) (citing *Collier v. City of Pasadena*, 142 Cal.App.3d 917, 924, 191 Cal.Rptr. 681 (1983)).

*Id*. at *2.

i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362.  Here, Plaintiff complains only of acts the state court judges took while adjudicating his cases.  Therefore, Plaintiff's claims for damages against the California state judges are barred by absolute judicial immunity.

Section 1983 expressly immunizes judicial officers from injunctive relief for actions taken in their judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Plaintiff does not contend that the state judges violated any "declaratory decree," nor did he allege or demonstrate that "declaratory relief was unavailable" in the state court actions.  Failure to get one's desired decision in state court does not constitute "unavailability" of relief.  Therefore Plaintiff may not proceed on declaratory or injunctive relief claims against the judges because such actions are expressly excluded by the language of § 1983.

Further, the federal court lacks jurisdiction over claims against the California state court judges that seek to overturn the judges' rulings in Plaintiff's past cases. Whether federal subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).  A federal district court has no jurisdiction "over challenges to

**INITIAL REVIEW ORDER** 12

state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). This rule of law is known as the "*Rooker-Feldman* doctrine."

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in "which a party losing in state court seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512, U.S. 997, 1005-06 (1994)); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) ("[t]he *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of

**INITIAL REVIEW ORDER** 13

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

The *Rooker-Feldman* doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

Here, Plaintiff is a losing party in state court seeking to challenge or overturn his state court judgments. As such, his claims against the state court judges must be dismissed for lack of subject matter jurisdiction under *Rooker-Feldman*. While normally a dismissal for lack of subject matter jurisdiction is without prejudice, the Court is dismissing the claims against these Defendants with prejudice as a result of the immunity discussion above.

Plaintiff will be permitted to proceed only on his Fourteenth Amendment due process liberty interest claims against those who may be his records custodians: Warden J. Yates, Counselor A. Gipson, and Chief of Inmate Appeals N. Gennis.[2] However, these Defendants are free to argue that, in their individual

---

[2] Normally, simply participating in the grievance process is not grounds for liability, but because the cause of action is for correction of records, the Court has

**INITIAL REVIEW ORDER** 14

capacities, they have not had contact with Plaintiff or his file during the statute of limitations period and that the statute of limitations was not extended by the state court actions.³ The expungement or correction of records claim shall be construed as official capacity claims against these three Defendants, and, if these individuals are not the proper custodians of Plaintiff's prison records and parole records, Defendants shall provide Plaintiff with the names of the person(s) who are, as a part of their mandatory voluntary disclosure obligations. Plaintiff then shall file an amended complaint to name additional or substitute parties, if necessary.

All other claims against other Defendants shall be dismissed. The remaining Defendants may file pre-answer motions to dismiss, if appropriate. No motions for entry of default judgment shall be filed during the time period a pre-answer motion is pending.

This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claim(s) will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims. It is Plaintiff's burden to

---

liberally construed the claim to allow Plaintiff to proceed. He will have to show that this defendant had duty or charge over parole or prison records.

³ It is also unclear whether any of Plaintiff's claims would be barred by claim or issue preclusion.

**INITIAL REVIEW ORDER  15**

thoroughly set forth the legal and factual basis for each of his claims.

The Court also observes that this may be a case that can be resolved quickly and easily by an early settlement conference rather than by the time and expense involved in litigation. If the parties all agree that this would be an appropriate mechanism to try to resolve the case, they may file a stipulation for an early settlement conference, and the Court will refer the case to a settlement judge for a telephonic settlement conference as soon as practicable.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's claims against the following Defendants are DISMISSED with prejudice:

    (1)    R. Gonzalez, Fresno Police Officer;

    (2)    Mr. Montoyasu, Fresno Sheriff's Officer;

    (3)    Fresno County Detention Facility;

    (4)    J. Gallager, Fresno Superior Court Judge;

    (5)    J. Cardoza, Fresno Superior Court Judge;

    (6)    A. Corona, Fresno Superior Court Judge;

    (7)    Department of Corrections & Rehabilitation; and

    (8)    California Department of Corrections.

IT IS FURTHER HEREBY ORDERED that Plaintiff may proceed against

the following Defendants on his Fourteenth Amendment due process claim:

   (1)   J. Yates, PVSP-Warden;

   (2)   A. Gipson, CCII Correctional Counselor; and

   (3)   N. Gennis, Chief of Inmate Appeals.

IT IS FURTHER HEREBY ORDERED that if Plaintiff wishes to file an amended complaint, he shall file a motion to amend and a proposed amended complaint within 150 days of this Order.  However, the Court will not further delay this case by awaiting an amended complaint at this time, but will allow Plaintiff to proceed on the single claim against the three defendants set forth above.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall send plaintiff three USM-285 forms, three summonses, a notice of submission of documents form, an instruction sheet, and a copy of the complaint, in preparation for service of process on the three defendants.

IT IS FURTHER HEREBY ORDERED that within **thirty (30) days** from the date of this Order, Plaintiff shall complete the notice of submission of documents form and submit the completed notice to the Court with the following documents:

   (1)   one completed summons for **each** Defendant listed above against

INITIAL REVIEW ORDER   17

whom Plaintiff had been authorized to proceed;

(2)   one completed USM-285 form for **each** Defendant listed above against whom Plaintiff has been authorized to proceed; and

(3)   four copies of the complaint (one for each defendant and one extra for the U.S. Marshal).

IT IS FURTHER HEREBY ORDERED that Plaintiff need not attempt service on Defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS FURTHER HEREBY ORDERED that failure to timely comply with this Order will result in dismissal of the remainder of this case without prejudice without further notice.

DATED:  **September 8, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge