IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BRYANT W. PLITT, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-CV-1352-BLW-LMB |
| ) | |
| vs. ) | |
| ) | **ORDER AND REPORT AND** |
| ) | **RECOMMENDATION** |
| FRESNO POLICE OFFICER R. ) | |
| GONZALEZ, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Currently pending and considered herein is Plaintiff's Motion for Discovery in Presentation of Video Surveillance (Dkt. 30) and Defendants' Motion for Summary Judgment (Dkt. 23) referred to the undersigned Magistrate Judge for Report and Recommendation by Order dated June 4, 2010 (Dkt. 14).  Having fully considered the parties' briefing and the record before it, the Court issues the following Report and Recommendation and Order.

## REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

**1.      Background**

Plaintiff is an inmate in the custody of the State of California.  Plaintiff alleges that he was arrested on May 3, 1985, for being on school grounds without permission from the school.  The charges included a violation of California Penal Code ("PC") 626.8 which is

REPORT & RECOMMENDATION & ORDER  1

for disruptive presence at school by a "known sex offender."  Plaintiff alleges that he was not and never has been a sex offender, and that the charges were dismissed because he was found "factually innocent."

Later, when Plaintiff was arrested and convicted of a different offense, he discovered that his California Department of Corrections and Rehabilitation (CDCR) classification record contained the statement: "Arrested 9/25/1985 by CASO Fresno for PC 477(A), Annoy/Molest Children.  The dispo was dismissed.  UCC of 4/15/1997 elected not to affix 'R' suffix, per archive review of 8/22/2003."  Plaintiff alleges that the title of the charge, "Annoy/Molest Children," is inaccurate and that he has never been charged with any sex offense or offense against children.  He further alleges that, beginning on November 11, 2003, he has attempted to have the reference removed from his classification record because it was defamatory and placed him in a dangerous position with the CDCR.  He has been unable to have the reference removed through administrative channels, or via habeas corpus proceedings he brought in the California state court system.

In this action, Plaintiff asserts in his Complaint that the incorrect record amounts to a violation of his constitutional right to due process and free speech, and that the statements amount to slander. (*Complaint*, Dkt. 1). Plaintiff also made allegations that the wrongful entries pose a danger to his safety. (*Id.*)

REPORT & RECOMMENDATION & ORDER  2

The Court conducted an initial review of Plaintiff's Complaint on September 9, 2009. (*Initial Review Order*, Dkt. 9). The Court construed Plaintiff's allegations regarding a danger to his safety as an Eighth Amendment claim, which the Court did not allow to go forward because Plaintiff failed to allege several necessary facts to state that claim. The Court granted Plaintiff leave to file a motion to amend to add the missing factual allegations for this claim, which Plaintiff has not done.[1] The Court also dismissed Plaintiff's free speech and slander claims, and several improper defendants.

The Court, however, allowed Plaintiff's Fourteenth Amendment due process liberty interest claim for failing to correct the prison records to proceed as against only the defendants who may be his record custodians, Warden J. Yates, Counselor A. Gipson and Chief of Inmate Appeals N. Gennis. Defendants move for summary judgment on this remaining claim.

2.    **Standard of Law**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural

---

[1] This decision does not preclude Plaintiff from filing a separate action alleging the his Eighth Amendment claim.

REPORT & RECOMMENDATION & ORDER  3

shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *See id*. at 248.

The moving party is entitled to summary judgment if that party shows that each issue of material fact is not or cannot be disputed. To show the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the materials cited do not establish the presence of a genuine dispute, or that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)&(B); *see T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 322). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or opposition to a motion "must be made on personal knowledge, set out

facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences which can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(e)(3) authorizes the Court to grant summary judgment for the moving party "if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

**3.     Discussion**

Defendants move for summary judgment on several grounds. First, they argue that because Plaintiff is not eligible to be considered for parole for at least 16 years, his due process liberty interest in parole is not ripe for adjudication.  Second, Defendants argue that if Plaintiff is denied parole at that time based on the information in his record about the 1985 arrest, his remedy is a habeas corpus action to the California state courts.  Third, Defendants argue that the information in Plaintiff's central file is, in fact, accurate. Fourth, Defendants argue that regardless, Defendants have no authority to correct a record

REPORT & RECOMMENDATION & ORDER  5

in Plaintiff's file that is managed and provided by the California Department of Justice. Finally, Defendants argue that Plaintiff received Due Process in the review of his criminal history.

> a. **Prisoner's Liberty Interest in the Expungement of False Prison Records - the *Paine* analysis revisited.**

Upon initial review, this Court allowed Plaintiff's Fourteenth Amendment liberty interest claim to go forward based on the federal courts' recognition that a prisoner has a federal due process right to the expungement of incorrect records contained in a prison file as set forth in *Paine v. Baker*, 595 F.2d 197, 201-02 (4th Cir. 1979).  Under *Paine*, an inmate was entitled to relief if he could show that: (1) the information in question was actually false; (2) the erroneous information was in his central file; and (3) the erroneous information was likely to be relied upon "to a constitutionally significant degree." *Id.*

The *Paine* test appears to be suffering a death by a thousand cuts,  calling its viability into doubt since nearly its inception.  As this Court noted in the Initial Review Order (Dkt. 9), *Paine's* validity was first called into doubt the very same year of its deciding, by  *Greenholtz v. Inmates of Nebraska Penal*, 442 U.S. 1, 99 S. Ct. 2100 (1979).  *See Johnson v. Rodriquez*, 110 F.3d 299, 309 n. 13 (th Cir. 1997) ("Although *Paine* has not been expressly overruled, subsequent Fourth Circuit cases   . . .  undercut any contention that the *Paine* analysis is still viable.")

The United States Supreme Court held in *Greenholtz* that the United States Constitution, of its own force, does not create a liberty interest in parole. *Id.* at 11.

REPORT & RECOMMENDATION & ORDER  6

Thus, a prisoner who does not have a liberty interest in parole under the United States Constitution "cannot legitimately expect the procedures relating to the grant of parole, including the maintenance of accurate prison files, to be protected by the Due Process Clause." *Ricchio v. Eichenberger*, 2011 WL 43536, *2 (E.D. Cal. 2011) (*citing Johnson*, 110 F.3d at 309, n. 13).

The United States Supreme Court, however, also held in *Greenholtz* that a state's statutory scheme could give rise to a cognizable liberty interest in parole. *See Greenholtz*, 442 U.S. at 12. And the Ninth Circuit later clarified that "California's parole scheme gives rise to a cognizable liberty interest in release on parole," and therefore, a prisoner in California could still bring a procedural due process challenge to a parole decision. *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127-28 (9th Cir. 2006). Presumably, the *Paine* analysis would still apply to determining a Due Process violation of a California prisoner's right to the expungement of false records from his or her central file.

However, in 1995, the United States Supreme Court decided *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995), specifically addressing when a state-created liberty interest in parole implicating the Due Process Clause could exist. In *Sandin*, a prisoner sought removal of a misconduct charge from his prison record on the grounds that his due process rights were violated during the disciplinary hearing on the charge. *Sandin*, 515 U.S. at 475-77. The Court held that a liberty interest implicating the Due Process Clause only exists where the prisoner can demonstrate that the State action would "inevitably

REPORT & RECOMMENDATION & ORDER  7

affect the duration of his sentence" or impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 487. Because the misconduct charge at issue would not invariably defeat his release on parole, the Court concluded that the prisoner could not invoke the protections of the Due Process Clause. *Id*. at 487.

Many courts in this Circuit, including this district, deciding an inmate's liberty interest in the expungement of false information contained in his or her central file have applied *Paine* as modified by *Sandin*.  That is, the courts require the prisoner to meet the higher standard of showing that the false information will "inevitably lengthen the duration of the inmates' incarceration."  *See Ricchio v. Eichenberger,* 2011 WL 43536 (E.D. Cal. 2011); *Moreland v. Virga*, 2011 WL 476543 (E.D. Cal. 2011); *Morales v. Rubia*, 2009 WL 2474743, at *24 (E.D. Cal. 2009); *Rio v. Schwarzenegger*, 2009 WL 1657438, *6 (C.D. Cal. 2009) ("[A]fter *Sandin*, an inmate seeking to expunge erroneous information from his file under the Due Process Clause 'must show that the false information will inevitably lengthen the duration of the inmate's incarceration.' "); *Jacobs v. Sullivan*, No, 2009 WL 1211390, at *7 (E.D. Cal. 2009) (dismissing civil rights complaint which sought expungement of plaintiff's prison record because "[a]ny concern that the information will be used against Plaintiff in the future is premature."); *Ellington v. Director of Corrections*, 2009 WL 900168, at *6 (E.D. Cal. 2009) (same); *Edwards v. Marshall*, 2006 WL 845645, at *3 (denying relief with respect to an expungement claim

REPORT & RECOMMENDATION & ORDER  8

raised in a habeas action).

Early this year, the United States Court decided *Swarthout v. Cooke*, 131 S. Ct. 859 (2011), which again seems to call into doubt the viability of *Paine*, even as modified by *Sandin*. Under *Swarthout*, it is clear that whatever procedural rights a prisoner may have that are derivative of a liberty interest in parole -- e.g., accurate central file records -- may only be challenged in federal court under a due process analysis seemingly irreconcilable with the *Paine/Sandin* analysis.

In *Swarthout*, the United States Supreme Court held:

> Whatever liberty interest [in parole] exists is, of course, a state interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. . . . When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In *Greenholtz*, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. . . . "The Constitution," we held, "does not require more." *Ibid.* [Appellee prisoners] received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. . . . That should have been the beginning and the end of the federal habeas courts' inquiry into whether [appellees] received due process.
>  . . . .
> The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.

*Swarthout v. Cooke*, 131 S. C.t at 862 (2011) (citations omitted).

REPORT & RECOMMENDATION & ORDER  9

If the federal due process review of a claim for violation of the state created liberty interest in parole is limited strictly to what process was due in making the determination, and was the prisoner afforded that process, then an analysis probing the propriety of a decision declining to expunge a prisoner's central record appears prohibited. This is particularly true where the prisoner's right to parole has not yet been considered, and no process is "due" at all. In other words, the standard requiring a prisoner to show that the failure to correct the records will "inevitably affect the duration of his sentence," is difficult, if not impossible, to reconcile with the limited due process review.

The Ninth Circuit has refrained from addressing the issue of whether there is an independent constitutional due process right in an accurate prison file. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (declining to reach the question of whether in the absence of the statute, such right is grounded in the due process clause itself ). Under the current state of the law in this Circuit, there appears to be no such right. Should the Ninth Circuit decide otherwise, the *Paine* test could conceivably be revived in some manner once again.

At this time, however, the Court is of the opinion that Plaintiff's claim of a liberty interest which implicates the Due Process clause is derivative to his state created liberty interest in parole only. Accordingly, this Court's review of any violation of this right is strictly limited to a Due Process analysis if and when Plaintiff is denied his state-created liberty interest in parole.

REPORT & RECOMMENDATION & ORDER  10

**b.     Analysis**

There is no dispute that Plaintiff is serving a term of imprisonment of 26 years to life (Defendants' Undisputed Facts (DUF), ¶ 2), that his minimum parole date is May 2, 2028, (DUF, ¶ 3), and that he will be first eligible to be considered for parole sometime in April, 2027.  *See* Cal. Penal Code 3041(a).  Because Plaintiff is not even eligible to be considered for parole for almost 16 years, he clearly cannot state a claim for violation of his due process rights to parole at this time.

The Court would reach the same conclusion even under the *Paine/Sandin*. Plaintiff likewise is not able to meet the requirement under that analysis that the allegedly erroneous information in his central file "inevitably affects the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *Morales*, 2009 WL 2474743, at 24.  Plaintiff has not, and doubtfully could, set forth any facts at this time -- 16 years before consideration for parole -- that the information in his central file about the 1985 arrest, even assuming it is false, "inevitably affects the duration of his sentence."

Further, to the extent that this Court could embark on a Due Process analysis regarding some independent liberty interest in the accuracy of his central file information, the record appears to contain no issues of fact in dispute that Plaintiff was provided due process to attempt to expunge the allegedly false information from his prison record. *See* DUF, ¶¶ 5, 7, 8; Plaintiff's Statement of Facts in Dispute (PSOF) (Dkt. 31).  Plaintiff does not challenge the process he was given, only that the results were wrong, which lead to

REPORT & RECOMMENDATION & ORDER  11

the filing of both habeas actions in state court and this action. *Id.*, ¶ 3. This Court could not overturn the State's substantive decision where only a Due Process protection is afforded. *Swarthout*, 131 S. Ct. at 684.

Because the Court concludes the Plaintiff's Fourteenth Amendment claim is premature, at best, it does not reach the substantive issue of whether the information contained in Plaintiff's central file is in fact false, which Defendants dispute.

For the foregoing reasons, it is hereby recommended that Defendants' Motion for Summary Judgment be granted on Plaintiff's Fourteenth Amendment claim asserting a violation of due process.

## Motion for Discovery

Plaintiff alleges, and the record indicates, that he was the victim of a battery in January of this year. He requests a copy of the surveillance video from that assault claiming that it is important evidence to prove his claim in this action that his prison records contain inaccurate and inflammatory information. (Dkt. 30). Because the Court recommends that Defendant's Motion for Summary Judgment be granted, Defendant's motion for discovery is denied without prejudice. If the district judge reaches a different conclusion than set forth in this Report and Recommendation, and this action is allowed to proceed, Plaintiff may renew his motion for discovery of the surveillance video tape.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED Plaintiff's Motion for Discovery

REPORT & RECOMMENDATION & ORDER  12

(Dkt. 30) is DENIED without prejudice.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Defendants' Motion for Summary Judgment (Dkt. 23) be GRANTED, and that judgment be entered in Defendants' favor accordingly.

Written objections to this Report and Recommendation must be filed within fourteen (14) days of the date it is entered on the docket, pursuant to 28 U.S.C. § 636(b)(1).  The document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The parties are advised that as result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED:  **August 26, 2011**.

_____
Honorable Larry M. Boyle
United States Magistrate Judge