UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BRYANT W. PLITT,<br><br>                Plaintiff,<br><br>    v.<br><br>FRESNO POLICE OFFICER R. GONZALEZ, et al.,<br><br>                Defendants. | Case No. 1:08-cv-01352-BLW-LMB<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Motion for Instructions for Filing a Rule 60(b) Motion. (Dkt. 51.) Good cause appearing, **IT IS ORDERED** that the Motion is GRANTED, to the extent set forth herein.

      Rule 60(b) and (c) provide:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

      (1) mistake, inadvertence, surprise, or excusable neglect;

      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**ORDER - 1**

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

In Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998), the Court clarified the grounds for application of Rule 60(b)(6).

> Rule 60(b)(6) is a catch-all provision that allows a court to vacate a judgment for "any other reason justifying relief from the operation of the judgment." That rule "has been used sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To receive Rule 60(b)(6) relief, a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests." Id. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6). United States v. RG & B Contractors, Inc., 21 F.3d 952, 956 (9th Cir. 1994); Stevens v. ITT Sys., Inc., 868 F.2d 1040, 1041 (9th Cir. 1989).

DATED:  **October 4, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

ORDER - 2